IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MICHAEL DEAN PERRY                §

v.                                §        CIVIL ACTION NO. 6:16cv1108

DIRECTOR, TDCJ-CID                §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Michael Dean Perry, proceeding *pro se*, filed this application for the writ of

habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court

ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of

Duties to United States Magistrate Judges.

**I. Background**

A.The State Court Proceedings

Perry was convicted by a jury of assault - family violence with prior family violence as well

as aggravated assault with a deadly weapon, receiving sentences of 60 years in prison and a fine of

$10,000.00 on each count.[1]  He took a direct appeal and the Sixth Judicial District Court of Appeals

---

[1]The opinion of the Court of Appeals recites the facts as follows:

Witnesses described Michael Perry's intoxication at his residence one evening and
Perry's violent anger at his niece, Alanna McKinney—also a resident of the Perry
household—after McKinney locked herself inside her room in an apparent effort at self-
protection from Perry. Witness reports included these actions by Perry when faced with the
locked door: repeatedly yelling, "Bitch, open the door," kicking down the door, advancing
toward McKinney with a knife in hand, threatening to stab her, struggling with her, and
punching her repeatedly. Perry, who had various prior convictions, was convicted by a Gregg
County jury of one count of assault family violence with prior family violence and one count
of aggravated assault with a deadly weapon, the knife.

deleted an assessment of attorney's fees, but otherwise affirmed the conviction and sentence. *Perry v. State*, slip op. no. 6-13-00051-CR (Tex.App.-Texarkana, August 15, 2014, pet. ref'd). Perry's petition for discretionary review was refused on January 14, 2015, and Perry did not seek certiorari review from the United States Supreme Court.

Instead, on May 26, 2015, Perry signed two state applications for the writ of habeas corpus. These two applications, including the attached memorandums of law and exhibits, totaled 956 pages. The State filed a motion to reject and return the applications because Perry had not followed the instructions on the state habeas corpus requiring only one issue per ground and only two pages of facts to support each issue. On June 23, 2015, the trial court issued an order directing that Perry's applications be rejected and returned to him.

Perry sought mandamus relief from the Texas Court of Criminal Appeals, which denied leave to file the mandamus petition on February 10, 2016. Despite denying leave to file the mandamus petition, the Court of Criminal Appeals held that the district court's order directing return of Perry's applications was improper, but concluded that Perry had no remedy other than re-filing his state habeas petitions. *In re Perry*, slip op. no. WR-62,970-06, 2016 Tex.Crim.App. Unpub. LEXIS 153 (Tex.Crim.App., February 10, 2016).[2] Perry did not do so.

B. The Federal Court Proceedings

On June 23, 2016, Perry submitted a document styled "petition for writ of habeas corpus" in the U.S. District Court for the Southern District of Texas. This petition, which appears at docket no. 1, is dated June 7, 2016 and did not identify the conviction being challenged, but simply asked the Court for additional time to pay the filing fee and complained about the operation of the law library at the unit where he was confined. Perry stated that he had tried to file a habeas corpus

---

[2] In returning Perry's pleadings, the trial court was apparently relying on a portion of the Texas Rules of Appellate Procedure which had been changed on January 1, 2014. The pre-2014 rules would have permitted the trial court's actions, but the rules in effect at the time did not.

petition on June 3, but that he never received any acknowledgment and did not believe it had been mailed out.

On July 27, 2016, Perry filed a standard federal habeas corpus form raising four grounds for relief (docket no. 9). This form is dated June 3, 2016, and is presumably the one which Perry stated that he filed on that date. The four grounds for relief raised in this petition were as follows: (1) the district clerk erroneously discarded 800 pages of his exhibits from his state habeas applications; (2) the district judge erroneously ordered the clerk to reject the state habeas applications; (3) he was unconstitutionally denied the right to pursue his state habeas applications; and (4) the Texas Court of Criminal Appeals erroneously told him to re-file his state habeas applications and erroneously denied him mandamus relief. This document was received and filed later than the pleading which opened the case at docket no. 1, and so the Magistrate Judge referred to it as Perry's "amended petition."

Perry has also filed several hundred pages of exhibits in connection with his amended petition. These exhibits include a copy of his 103-page state habeas application as well as copies of state court orders and motions.

## II. The Answer of the Respondent and Perry's Reply

The Respondent contends in her answer that the grounds for relief raised by Perry in his petition are not cognizable, the statute of limitations has expired, and Perry has not exhausted his state remedies.

In his reply, Perry stated that he was incorporating all of the grounds raised in his state habeas applications into his federal petition. He complained that the Respondent failed to mention the destruction of his exhibits by the state court and pointed out that the Court of Criminal Appeals held that the trial court erred in its disposition of his state applications. He claimed he refiled his state habeas applications in the Court of Criminal Appeals on October 7, 2015, but that court rejected these applications.

Perry argued that he was entitled to equitable tolling of the statute of limitations from the date of the Court of Criminal Appeals' order denying his mandamus petition on February 10, 2016, until the date he received the "final denial" of his mandamus petition on May 27, 2016. Because he filed his federal petition on June 3, 2016, Perry contends this filing was timely.

Perry also asserted that he tried to refile his state habeas applications in the Court of Criminal Appeals because he could not refile them in the state district court, but he was unsuccessful. He characterized the Court of Criminal Appeals' denial of his mandamus petition as "asinine" and argued that his mandamus petition tolled the statute of limitations.

Perry further maintained that the exhaustion requirement should be excused because he was actively misled by the State and prevented from exercising his rights. He complained of procedural errors committed by the State with regard to his habeas applications and argued that the state district court and the Court of Criminal Appeals had every opportunity to review and adjudicate his state habeas applications.

### III. The Report of the Magistrate Judge

#### A. Cognizability of the Claims

The Magistrate Judge determined that the only grounds properly before the federal court were those raised in Perry's original petition, docket no. 1, and the amended petition, docket no. 9. Perry did not state in either of these petitions that he intended to incorporate the grounds raised in his state applications, but raised the issue of incorporation for the first time in his reply to the Respondent's answer.

One of Perry's state applications, containing 49 grounds for relief in 103 pages, is attached to Perry's exhibits at docket no. 10-2, pp. 21 through 124. Rule CV-3(b) of the Local Rules of Court for the Eastern District of Texas provides that absent leave of court, a habeas corpus petition under 28 U.S.C. §2254 in a non-death penalty case shall not exceed 30 pages in length excluding attachments. Because the state habeas corpus application which Perry seeks to incorporate presents grounds for relief, it is a pleading and not an attachment. Perry did not seek or obtain leave of court

to file a 103 page pleading. The Magistrate Judge determined that Perry cannot evade the Local Rules by incorporating by reference arguments in other pleadings. Because Perry has neither sought nor received permission to file a 103 page pleading, the Magistrate Judge concluded that the grounds raised in Perry's state habeas application are not properly before the district court.

Perry's original petition, docket no. 1, complains about the law library at the Wayne Scott Unit law library in Angleton. The amended petition, docket no. 9, raises four grounds for relief: (1) prosecutorial misconduct in that the State discarded 800 pages of evidence and whited out dates on his state habeas applications; (2) judicial misconduct in that the state district judge granted the motion to discard the evidence, which violated controlling judicial principles; (3) denial of the right to a habeas corpus appeal; and (4) denial of the writ of mandamus in violation of due process.

The Magistrate Judge stated that Perry's original petition, which complained about the law library at the Wayne Scott Unit, was not cognizable because habeas corpus cannot be used to litigate matters foreign to the question of the legality of custody and the operation of the prison law library is a matter foreign to the question of the legality of Perry's custody.

The amended petition challenged the propriety of Perry's state habeas proceedings, but the Magistrate Judge determined that infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief, citing *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) *and Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001). Thus, the Magistrate Judge concluded that neither Perry's original nor his amended petitions set out claims which are cognizable in federal habeas corpus and the claims raised in his state habeas petitions are not properly before the District Court.

### B. Exhaustion of State Remedies

The Magistrate Judge next addressed the issue of exhaustion. The record shows that Perry's state habeas applications were returned to him by order of the state district judge. The Court of Criminal Appeals determined that this order was improper but stated that Perry's only remedy was to re-file his applications, but Perry did not do so. The Magistrate Judge therefore concluded that Perry did not present the claims in these applications to the Court of Criminal Appeals in a

procedurally proper manner, and thus did not exhaust his state remedies on the claims contained in these applications.

Perry asserted that he refiled his state habeas applications directly with the Court of Criminal Appeals. However, the Magistrate Judge determined that Tex. Code Crim. Pro. art. 11.07(b) provides that state habeas applications must be filed with the clerk of the court in which the conviction being challenged was obtained. Thus, filing his applications directly with the Court of Criminal Appeals was improper and could not result in his claims being presented in a procedurally proper manner.

The Magistrate Judge observed that Perry did file a petition for discretionary review with the Court of Criminal Appeals in a procedurally proper manner. This petition raised three grounds for relief: (1) whether the trial court erred in allowing the State to use a knife for demonstrative purposes when the original knife was inadmissible, (2) whether the decision of the Court of Appeals conflicted with another court of appeals on the issue of the admissibility of a prior conviction for family violence, and (3) whether the Court of Appeals reviewed Perry's claim of ineffective assistance of counsel under a totality of the representation standard and whether the Court of Appeals addressed prosecutorial misconduct. None of these issues are presented in Perry's original or amended federal habeas petitions.

Even if Perry's federal habeas petition did somehow incorporate the claims in his state habeas application, the Magistrate Judge stated that his federal petition would then be barred on exhaustion grounds as a mixed petition. *Piller v. Ford*, 542 U.S. 225, 227, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

Thus, none of Perry's claims before the Court have been exhausted, but the Magistrate Judge noted that dismissal of such a petition could still raise issues concerning the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). The Respondent argued that Perry's petition is already barred by limitations, so the Magistrate Judge addressed that issue as well.

C. The Statute of Limitations

The Magistrate Judge stated that Perry's petition for discretionary review was refused on January 14, 2015, and Perry did not seek certiorari review, making his conviction final on April 14. 2015. Perry's limitations period therefore expired on April 14, 2016, unless this period was tolled.

In *Critchley v. Thaler*, 586 F.3d 318, 320 (5th Cir. 2009), the Hays County District Clerk failed to file the petitioner's state habeas corpus applications submitted in July of 2003 and February of 2004. The petitioner then submitted an amended application which was received in December of 2004 and not filed until April of 2005.

The petitioner filed his federal habeas petition in March of 2006. The district court dismissed it as untimely, but the Fifth Circuit held that the state court's failure to process the habeas applications was a state-created impediment which tolled the limitations period. As a result, the Fifth Circuit tolled the limitations period from the time the petitioner first attempted to file his state habeas application, in July of 2003, until the date this application was finally filed in April of 2005.

The Magistrate Judge distinguished *Critchley* because in that case, the petitioner refiled his state habeas application, while Perry never did so. The Fifth Circuit emphasized the fact that Critchley had 68 days left in his limitations period when he tried to file his first state habeas application, and then after he was finally able to file this application and it was denied, he sought federal habeas corpus relief within 68 days of that denial, making his petition timely.

The Magistrate Judge determined based on *Critchley* that Perry's limitations period should be tolled from May 26, 2015, the date that he signed his state habeas applications, until June 30, 2015, the date he received them back from the district clerk of Gregg County. The district court's order returning the petitions advised him that the applications were being returned because he did not comply with the instructions on the form; this order did not prevent Perry from refiling his habeas applications in compliance with those instructions. Thus, any impediment to filing created by the improper actions of the state district court and district clerk were removed when Perry received his applications back.

The Magistrate Judge utilized the same method for calculating the limitations period as was done in *Critchley* and concluded Perry's limitations period, extended by tolling as stated above, expired on May 18, 2016, some two weeks before he signed his federal habeas petition on June 3, 2016. The Magistrate Judge further stated that Perry did not present a viable claim of actual innocence so as to evade the operation of the statute of limitations, nor any extraordinary circumstances justifying equitable tolling.

The Magistrate Judge went on to observe that Perry was aware of the difficulties he was experiencing with having his habeas application heard in state court. Perry could therefore have filed a protective federal habeas corpus petition seeking a stay of the limitations period. *Madden v. Thaler*, 521 F.App'x 316, 2013 U.S. App. LEXIS 6686 (5th Cir., April 3, 2013). The Magistrate Judge concluded that Perry is not entitled to equitable tolling and his petition is barred by limitations.

## V. Perry's Objections

In his 32 pages of objections, Perry states first that he had no idea he could file a protective federal habeas petition because of the inadequacies of the prison law library. He asks what official would discard 800-plus pages of two habeas corpus applications along with 70 exhibits and a 50 page memorandum of law and asserts that he filed for a writ of mandamus in the Texas Court of Criminal Appeals, which Perry claims was the proper procedure.

After contending that the failure to file his state habeas applications was an "extraordinary circumstance," Perry argues that he is entitled to tolling from February 10, 2016 through the denial of his motion for rehearing of his mandamus petition in May of 2016. He also asserts that the federal court made no mention of the order by the Court of Criminal Appeals holding his habeas petition and mandamus in abeyance until the state district court responded to the order. Perry also

complains that his state habeas applications were tampered with because the State whited out dates and signatures.[3]

Perry states in describing the offense for which he was convicted, the Court stated that his niece locked herself in her room in an "apparent" attempt to protect herself from Perry, but that Perry kicked down the door, approached her with a knife, threatened to stab her, and punched her repeatedly. Perry asserts that all of those accusations were proven false at trial.

Next, Perry asserts that although his habeas applications were supposed to be returned to him, this did not happen. He contends that most of his evidence was destroyed and returned to him in a torn up envelope that the mailroom supervisor duct taped back together. The remnants were so damaged that he could not refile them.

In addition, Perry complains that Judge Brabham was biased and prejudicial, not only at trial but in the state habeas proceeding as well. He again refers to having dates and signatures whited out but no one in the judiciary admitted or acknowledged this. Perry complains that the motion to reject his habeas petition was filed in the 124th Judicial District Court but he had been tried and convicted in the 188th Judicial District Court.

Perry states that at least one of his habeas petitions was sent to the Court of Criminal Appeals as an exhibit to the district clerk's response, giving the Court of Criminal Appeals the opportunity to adjudicate it. He complains that the state court committed numerous procedural errors but still failed to adjudicate his habeas corpus petition.

After maintaining that he is entitled to an evidentiary hearing, Perry contends that the Magistrate Judge erred in determining that mandamus petitions in state court do not toll the statute of limitations. He states that he was forced to file for mandamus relief because the State refused to rule on his habeas applications but instead destroyed them, and contends that the tolling provisions should apply to all forms of state collateral review after a conviction.

---

3Perry's signature appears on the copy of the state habeas application he filed as an exhibit (docket no. 10-2), as does the signature of the filing clerk.

Perry states that he submitted a number of motions when his federal habeas petition was originally filed in the Southern District, but the court arbitrarily terminated these motions and failed to rule on them. He filed an supplement to his mandamus petition in the Court of Criminal Appeals in April of 2016 so as to ensure he received tolling under 28 U.S.C. §2244(d).

On March 8, 2017, Perry states that he filed a motion to supplement previously filed objections in the Eastern District of Texas stating that the designation of record in his original state appeal failed to include all of Perry's *pro se* motions and exhibits, including his *pro se* motion for new trial. He asserts that there has been a concerted effort by state actors to conceal evidence from the Court of Criminal Appeals, even though he filed "a myriad" of objections and requests for rulings on his *pro se* motions in the state court.

Perry points to two affidavits from Alanna McKinney attached to his motion for summary judgment in support of his claim of actual innocence. These statements assert that McKinney shoved Perry first, Perry did not point the knife at her, and Perry was only using the knife to get in the door, but kicked the door in when he could not open it with the knife. An affidavit by Wilma McKinney contends that police searched the home without a warrant and retrieved the knife Perry allegedly used to pry open the bedroom door.

Perry engages in an extensive discussion of habeas corpus procedures in state court, concluding that in his opinion, these procedures are extremely unfair because the judge who hears the writ is usually the same judge who heard the case, and the notion that this judge can be impartial is "a fairy tale and absurd." Lawyers are rarely appointed to assist writ applicants. Perry states he believes he submitted a valid writ, but the court discarded it instead of considering it and used "subterfuge and surplusage" in an attempt to deny him relief. He asserts that he should have been appointed counsel to represent him in his writ proceedings.

Next, Perry complains that the Respondent and the Court claim that the only grounds for relief are those presented in docket no. 1 and docket no. 9. He says "of course, there's not any mention of the 49 grounds raised in each 11.07 application incorporated into the 28 U.S.C. §2254

and including the other additional grounds included in and of the mandamus proceedings once Perry was made aware of all the misconduct committed by state actors!" Perry states that he had no intention of using 28 U.S.C. §2254 to challenge the law library at the Wayne Scott Unit.

Similarly, Perry asserts that the Court "wrongly refers to Perry's 28 U.S.C. §2254 as an amended habeas petition, docket no. 9; raises four challenges to the propriety of his state habeas petition proceeding." He acknowledges that infirmities in state habeas proceedings do not set out grounds for federal habeas corpus relief but points to *Moore v. Dretke* as an instance in which the federal court faulted the state for misapplying its own laws in acting on the petitioner Moore's state habeas proceeding.

Perry complains that he was wrongfully arrested in his own driveway without a warrant or probable cause. He states it was proven at trial that the victim was not trying to protect herself and that he did not kick down the door, nor did he threaten to stab her. He again argues that the limitations period should be tolled while his mandamus petition was stayed and complains that the "remnants" of his state writ application were sent to him in a torn up envelope with the dates and signatures whited out.

Perry goes on to assert that he had one year from the date of the Court of Criminal Appeals' order of February 10, 2016, in which to file his petition. He did not know that the State discarded his writ and his evidence until he received it back from the Gregg County Clerk's Office. Perry once again maintains that he has satisfied the actual innocence standard through the affidavits of Alanna McKinney and Wilma McKinney, whom he says was prevented from testifying at trial.

**VI. Discussion**

  A.The Claims Before the Court

Perry insists that he incorporated all of the claims from his state habeas applications into his federal petition, even though neither his original nor his amended habeas petition mention incorporation of these claims. He does not object to or even allude to the Magistrate Judge's

determination that he cannot evade the Court's page limits by attempting to incorporate hundreds of pages of pleadings submitted to the state court.

In *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), the Fifth Circuit stated that "Yohey's incorporation of arguments from other pleadings would lengthen a brief already at the 50-page limit. *See* Fed. R. App. P. 28(g). Therefore, only the issues presented and argued in the brief are addressed." Just as Yohey could not extend the page limits of his brief by incorporating other pleadings, so Perry cannot do likewise by incorporating his deluge of filings in the state court, even had he expressed the intent to do so in his original or amended petition, which he did not. The Magistrate Judge properly concluded that the allegations in Perry's state habeas corpus applications are not properly before the Court. Perry's objection on this point is without merit.

B.Exhaustion of State Remedies

Perry contends that one of his habeas petitions was sent to the Court of Criminal Appeals as an exhibit by the state district clerk when the clerk was ordered to respond to Perry's mandamus application. He asserts that this gave the Court of Criminal Appeals the opportunity to rule on the habeas application, but this claim is without merit. The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The Texas state habeas application procedure requires that the petition be filed with the clerk of the court in which the conviction being challenged was obtained, and the convicting court shall decide whether there are controverted, previously unresolved facts material to the legality of confinement. If there are no such issues, the clerk of the convicting court shall transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which the finding was made; otherwise, the convicting court will order an answer and may order such other items as affidavits, depositions, interrogatories, additional forensic testing, or hearings.

In Perry's case, he filed his state habeas applications but the trial court ordered that these be returned to him. While the Court of Criminal Appeals indicated that the trial court's order was in

error, this order nonetheless meant that the trial court did not make a determination on the merits of Perry's claims. When a copy of Perry's habeas petition was sent to the Court of Criminal Appeals as an exhibit, that Court could not enter findings or make a determination as to the merits of Perry's claims because these claims had never been addressed by the district court. Perry's assertion that the Court of Criminal Appeals could have ruled on his claims at that point is without merit.

The Court of Criminal Appeals stated in its order that the only remedy open to Perry was to refile his state habeas application. In his mandamus petition addressed to the Court of Criminal Appeals, Perry stated that "his application for the writ of habeas corpus and all of the exhibits in support thereof were returned to him in separate envelopes on separate dates," explaining that he received the exhibits back on June 29 and the habeas application forms on June 30. (Docket no. 35-24, p. 9). Despite this, he did not refile this application in the state court. Because Perry's state habeas applications were never presented to the Texas Court of Criminal Appeals in a procedurally proper manner, the Magistrate Judge correctly determined that Perry failed to exhaust his state remedies except on those claims presented in his petition for discretionary review, which do not appear in his original or amended federal habeas petitions.

Even if Perry could be said to have incorporated the claims from his state habeas applications into his federal petition, this federal petition would be a "mixed petition" because those claims in the state habeas applications other than those raised in Perry's petition for discretionary review were not presented to or ruled upon by the Court of Criminal Appeals. As such, Perry's federal petition would be amenable to dismissal without prejudice. *Piller v. Ford*, 542 U.S. 225, 227, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

To the extent Perry argues that his mandamus petitions exhausted his state remedies because they were "collateral review," this claim also lacks merit. The mandamus petition did not seek review of the judgment of conviction, but rather review of the state court proceedings on his habeas application. As such, Perry's mandamus petitions cannot be considered as exhaustion of state remedies. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002); *Tate v. Dretke*, civil action no.

4:05cv507, 2005 U.S. Dist. LEXIS 48903, 2005 WL 1949592 (S.D.Tex., August 12, 2005) (mandamus does not exhaust state remedies because it is not collateral review of the petitioner's conviction). Perry's failed to exhaust his state remedies and his objections in this regard are without merit.

### C.The Statute of Limitations

The Magistrate Judge determined that Perry's conviction became final when his time for seeking certiorari review ended, on April 14, 2015. On May 26, 2015, Perry submitted his state habeas corpus applications. On June 23, 2015, the district court rejected these and returned them to him. In his mandamus petition to the Court of Criminal Appeals, Perry states that "his application for the writ of habeas corpus and all of the exhibits in support thereof were returned to him in separate envelopes and on separate dates," explaining that he received the exhibits back on June 29 and the habeas application forms on June 30. (Docket no. 35-24, p. 9).

The Magistrate Judge, citing *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009), determined that the improper failure to file Perry's habeas application by the state district court amounted to a state-created impediment to the seeking of state post-conviction review, but that this impediment was lifted on June 30, 2015, when Perry received back his application and what he describes as "all of the exhibits." The state court's order indicated that Perry's habeas applications were being returned to him for failure to follow the instructions on the form, and the Magistrate Judge reasoned that once Perry received his application form and exhibits back, he could re-file in a procedurally proper manner.

Perry asserted in his objections that he is entitled to tolling of the limitations period from February 10, 2016, when his mandamus petition was denied by the Court of Criminal Appeals, through the denial of his motion for rehearing of his mandamus petition in May of 2017. Mandamus petitions do not toll the statute of limitations. *Moore*, 298 F.3d at 364-65. This objection is without merit.

Similarly, Perry maintains that his limitations period runs from the Court of Criminal Appeals' order of February 10, 2016, denying his mandamus petition, and he had one year from that date in which to seek federal habeas corpus relief. The limitations statute, 28 U.S.C. §2244(d), provides that the limitations period begins to run from the latest of (a) the date the conviction became final, (b) the date on which a state-created impediment is removed, (c) the date on which a newly recognized constitutional right was recognized by the Supreme Court, or (d) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. The denial of mandamus relief does not fall into any of these four categories. The Magistrate Judge recognized that Perry faced a state-created impediment between the time he submitted his state habeas applications and the time he received them back from the state district court and determined that this time period should be tolled. The state-created impediment ended when Perry received his pleadings back from the state court and was able to re-file his state habeas petitions. Perry's objection concerning the date the limitations period commenced to run is without merit.

Perry cites *Moore v. Dretke*, 369 F.3d at 846, stating that in that case, the court opted to fault the state courts for a perceived misapplication of their own laws in acting on Moore's state habeas petition," and contends that the court granted the writ of habeas corpus, allowed an evidentiary hearing, and conditionally ordered Moore released. However, Perry is referring to the district court opinion rather than the Fifth Circuit's decision. In *Moore*, a capital case, the district court found that the state trial court failed to provide a constitutionally adequate sentencing hearing, granted the writ, and ordered the Director of TDCJ-CID to release Moore from custody unless either the sentence was commuted to life in prison or proceedings were begun to determine whether Moore was mentally retarded. The Fifth Circuit reversed this holding, specifically stating that "the district court had no basis for its conclusion that Moore was entitled to habeas relief on a mere showing that the Texas courts had misapplied their own procedural rules to his state habeas petition." The Fifth Circuit vacated the district court's grant of the writ of habeas corpus and remanded the case for further

proceedings. *Id.* at 846-47. Perry is relying on the district court's holding which was reversed by the Fifth Circuit. His objection based on *Moore* is without merit.

Perry also contends that he has raised a colorable claim of factual innocence so as to avoid the operation of the statute of limitations. In support of this objection, he points to two affidavit from the victim Alanna McKinney and an affidavit from Alanna's mother, Perry's sister Wilma McKinney.

Alanna McKinney's affidavits state that McKinney shoved Perry first, Perry did not point the knife at her, and Perry was only using the knife to get in the door, but kicked the door in when he could not open it with the knife. This is consistent with her testimony at the trial; according to the opinion by the Sixth Judicial District Court of Appeals, McKinney told Perry during a phone call while Perry was in jail that she would try to help him in any way she could. She testified that Perry broke down the door in an attempt to get a person named Neal to leave the house, that Perry did not attack her but held the knife by his side, and that Perry could have used the knife to try to open the door. Although McKinney denied feeling threatened by the knife, she testified that she grabbed Perry's hand which was holding the knife, that Perry had her in a headlock, and that they struggled, resulting in a hole in the wall. However, McKinney told the police officer, Nikki Williams, that Perry kicked down the door, came at her with a knife, and hit her approximately eight times in the head.

Other witnesses at trial testified consistently with McKinney's statement to Officer Williams, including testimony from Oajuntae Johnson that Perry yelled "bitch, open the door," kicked it down, and advanced on McKinney with the knife, saying "bitch, I'm fixing to stab you." The Court of Appeals observed that the jury was aware of McKinney's promises to Perry to testify in his favor, and that the jury was free to reject McKinney's testimony and believe Johnson's account. *Perry v. State*, slip op. no. 6-13-00051-CR, 2014 WL 3973929 (Tex.App.-Texarkana, August 15, 2014, pet. ref'd).

16

The statute of limitations can be overcome by a showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). However, the actual innocence gateway is only available to a petitioner who presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. *Id.* at 1936; *see also Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). In other words, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928; *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime.")

Although Perry refers to Alanna McKinney's affidavits as recanting, these affidavits are in fact not recanting but reflect her testimony at trial. The jury chose to reject this testimony and convict Perry, and the Court of Appeals determined that the evidence was sufficient to support the verdict. Perry has failed to show how McKinney's affidavits would add anything to her testimony at trial, much less that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt in light of the affidavits.

Perry also points to an affidavit from his mother Wilma McKinney, whom he says was prevented from testifying at trial. Wilma McKinney's affidavit states that on October 16, 2012, Officer Nikki Williams presented herself as a lawful authority and entered McKinney's home without consent and without a valid search warrant. Williams and another officer searched the home and retrieved a knife which Perry had allegedly used to pry open the door of Alanna's room. The officers took pictures of Alanna and the bedroom door. McKinney states that she was never provided with a valid search warrant nor advised that she did not have to consent to the search of

the house. She did not witness the assault and saw no injuries on Alanna. McKinney states that Alanna was not shaking or hysterical but was of sound mind.

This affidavit is also insufficient to show that no juror, acting reasonably, would have voted to convict him. Wilma McKinney conceded that she did not see the incident forming the basis of the prosecution and Perry offers no reason to suppose that reasonable jurors would have voted to acquit him based on the testimony of an individual who did not witness the incident, in the face of testimony from several people who did witness it. Perry has failed to overcome the statute of limitations through a showing of actual innocence and his objection on this point is without merit.

D. Other Issues

Although Perry criticizes the state habeas procedures at great length in his objections, he correctly acknowledges that infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *Rudd*, 256 F.3d at 319-20.

Perry asserts that he had no idea he could file a protective habeas corpus petition in federal court. *See Madden v. Thaler*, 521 F.App'x 316, 2013 WL 1319349 (5th Cir., April 3, 2013). However, Perry was aware that his conviction had become final and that the state trial court had refused to file his habeas corpus petition, indicating that his limitations period was running. Perry could have re-filed his state habeas application once he received it back or sought federal habeas corpus relief through a protective petition, but elected to do neither. Perry has not shown that the limitations period should be tolled based on his lack of knowledge of the availability of a protective habeas corpus petition.

Perry further argues that an attorney should be appointed and an evidentiary hearing held. Rule 8(c) of the *Rules Governing Section 2254 Proceedings in United States District Courts* states that counsel shall be appointed if the Court determines that an evidentiary hearing is required, and that counsel may be appointed at any stage of the proceeding if the interest of justice so requires. A federal court must hold an evidentiary hearing on a constitutional claim only when the state court has not provided a hearing, the petitioner alleges specific facts which, if proved, would entitle him

to relief, and there is a genuine factual dispute in the record. *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995). Bald assertions on a critical issue in a habeas petition, unsupported and unsupportable by anything else contained in the record, are insufficient to warrant an evidentiary hearing. *Id.*, *citing Byrne v. Butler*, 845 F.2d 501, 513-14 (5th Cir.), *cert. denied* 487 U.S. 1242 (1988).

Perry has not shown that an evidentiary hearing is warranted. The record demonstrates that the claims properly before the Court do not set out grounds for habeas corpus relief and that Perry's claims are unexhausted and barred by limitations. Nor has he shown that the interest of justice requires appointment of counsel. Perry's objections are without merit.

## VII. Summary and Conclusion

After the Petitioner Michael Dean Perry's convictions were affirmed on direct appeal, he sought habeas corpus relief in the trial court on May 26, 2015. The trial court ordered that his petitions be returned to him, and Perry stated that he received his application and exhibits back by June 30, 2015. Perry then sought mandamus from the Texas Court of Criminal Appeals, which concluded that the return of his habeas applications was improper but that Perry's only remedy was to refile his writ applications. Perry did not pursue this remedy, but instead sought federal habeas corpus relief after his state mandamus proceedings were concluded. As a result, the claims raised in Perry's state habeas applications were never presented to or ruled on by the Texas Court of Criminal Appeals.

The first federal habeas petition which appears on the docket discusses the law library at the Wayne Scott Unit. The amended petition raises four claims concerning the conduct of Perry's state habeas proceedings. Neither of these pleadings raises claims which are cognizable in federal habeas proceedings.

Perry does not state in either of these pleadings that he wishes to incorporate his state habeas application, which he filed as an exhibit (docket no. 10-2). This application is 103 pages long, and the Magistrate Judge correctly determined that Perry cannot circumvent the page limit requirements of the Eastern District of Texas by incorporating other documents into his pleadings. In any event,

only three of the 49 claims raised in the state application were ever presented to or ruled on by the Court of Criminal Appeals, rendering the remaining claims unexhausted.

Perry's conviction became final at the conclusion of the direct review process on April 14, 2015. His state habeas application was returned to him and never refiled. Even with tolling from the date Perry sought state habeas corpus relief until the date he received his pleadings and exhibits back, Perry's federal habeas petition was filed some two weeks late. Perry did not show any basis for equitable tolling, nor did he demonstrate an actual innocence exception.

The Magistrate Judge therefore recommended that Perry's petition be dismissed with prejudice or, alternatively, dismissed without prejudice for failure to exhaust state remedies and failing to state a cognizable habeas corpus claim. *See, e.g.*, *Kindred v. Stephens*, civil action no. 6:16cv007, 2016 U.S. Dist. LEXIS 44449, 2016 WL 1306656 (W.D.Tex., April 1, 2016); *Jackson v. Jones*, civil action no. 06-0533, 2006 U.S. Dist. LEXIS 89044, 2006 WL 3589545 (E.D.La., December 6, 2006). The Court has reviewed the entire record in the case and has concluded that dismissal with prejudice is appropriate for the reasons stated by the Magistrate Judge. Perry filed objections to the Report, which have no merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 64) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Michael Dean Perry is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **22** day of **August, 2017.**

_____
Ron Clark, United States District Judge